1

2

3

4

5

6

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

7

8

JAMES EDWARD BARBER JR.,

9

                    Plaintiff,          NO.  CV-05-0173-EFS

10

        v.

11                                      **ORDER DISMISSING CASE**

ALBERTO GONZALES, as United
12  States Attorney General, *et
al.*,

13

                    Defendant.

14

15      Before the Court is Plaintiff's Motion for Temporary Restraining

16  Order, (Ct. Rec. 3).  In addition, under 28 U.S.C. § 1915, the district

17  court is required to screen *pro se* complaints.  After conducting the

18  required screening, the Court finds Plaintiff's case must be dismissed

19  in light of *Gonzales v. Raich*, S. Ct. No. 03-1454 (June 6, 2005).

20  **A.   Legal Standards**

21      Section 1915(e)(2) specifically states, "[n]otwithstanding any

22  filing fee, or any portion thereof, that may have been paid, the court

23  shall dismiss the case at any time if the court determines that . . .

24  the action or appeal . . . is [(a)] frivolous[, (b)] malicious [or (c)]

25  fails to state a claim on which relief may be granted."  Even though *pro*

26  *se* complaints are held to a less stringent standard than those drafted

27  by an attorney, the complaint must plead facts sufficient to show a

28  ORDER-- *1*

legal wrong has been committed from which plaintiff may be granted relief.  *Gillespie v. Civiletti*, 629 F.2d 637 (9th Cir. 1980).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neizke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-29 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however, inartfully pleaded, has an arguable legal and factual basis.  *Jackson v. Ariz.*, 885 F.2d 639, 640 (9th Cir. 1989); *Franklin*, 745 F.2d at 1227.

A complaint, or portion thereof, will be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt the Plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), *citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Palmer v. Roosevelt Lake Log Owners Ass'n*, 651 F.3d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, construe the pleading in the light most favorable to Plaintiff, and resolve all doubts in Plaintiff's favor.  *Hosp. Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976); *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

**B.    The Complaint**

Plaintiff asserts violation of several federal constitutional provisions and statutes:  (1) violation of the Commerce Clause, (2)

ORDER-- *2*

violation of the First Amendment, (3) violation of the Fourth Amendment, (4) violation of the Fifth Amendment, (5) violation of the Eighth Amendment, (6) violation of the Ninth Amendment, (7) violation of the Tenth Amendment, (8) violation of the Thirteenth Amendment, (9) violation of the Fourteenth Amendment, (10) violation of the Fifteenth Amendment, (11) violation of 18 U.S.C. § 241, (12) violation of 18 U.S.C. § 242, (13) violation of 42 U.S.C. § 1983, (14) violation of 29 U.S.C. § 794(a), (15) violation of 42 U.S.C. § 1985, (16) violation of 42 U.S.C. §§ 3604, 3605, 3606, and 3617, and (17) violation of 42 U.S.C. § 42 U.S.C. § 2000(d).  In addition, Plaintiff asserted state causes of action:  (1) violation of R.C.W. § 9.91.010 and (2) violation of R.C.W. 49.60 *et al.*  Through these causes of action, Plaintiff sought the following relief:  (1) declaration that the smell of Cannabis burnt or otherwise, emanating from the person or property of a disabled individual or his associates, is not evidence of a crime granting probable cause for arrest, (2) issuance of an injunction enjoining Defendants "from arresting or prosecuting Plaintiff [sic] his associates, and similarly situated individuals, seizing their medical cannabis, forfeiting their property, discriminating in housing education or employment, seeking civil or administrative sanctions against them, or applying the health and safety codes of tobacco related products to the use of cannabis by a disabled individual" and from the listed activities, (3) declaration that the state and federal controlled substances act is unconstitutional to the extent it prevents Plaintiff, his caregivers, and other similarly situated individuals, from possessing, obtaining, manufacturing, or providing cannabis for a

ORDER-- *3*

disabled individual's personal medical use, and (4) reinstate Plaintiff at Washington State University and preclude enforcement of the university's decision to dismiss Plaintiff and charge him with trespass.

Plaintiff filed his Complaint on June 3, 2005. Plaintiff's Complaint is premised upon his belief that he has a right under the Washington Controlled Substances Therapeutic Research Act, WASH. REV. CODE § 60.51 *et al,* to possess and use marijuana. Even assuming Plaintiff satisfies the requirements of this Act, thereby allowing him under Washington law the right to use marijuana for the specified medical purposes, the Court finds Plaintiff is not entitled to relief under his federal causes of action.

On June 6, 2005, the U.S. Supreme Court issued its decision in *Gonzalez v. Raich*, No. 03-1454. The Supreme Court held Congress' Commerce Clause authority includes the power to prohibit the local cultivation and use of marijuana, even if such cultivation and use was in compliance with California's Compassionate Use Act of 1996, because the use, growing, and sale of marijuana is an activity that substantially affects interstate commerce and Congress preempted the regulation of marijuana when it enacted the Controlled Substances Act ("CSA"), 84 Stat. 1236.

The federal CSA prohibits the manufacturing, distributing, or possessing of marijuana. 21 U.S.C. §§ 823(f), 841(a)(1), & 844(a). It does not allow for medical marijuana use. In *Gonzalez*, the Supreme Court highlighted Congress has the ability to regulate an activity that rationally substantially affects interstate commerce. In addition, the Supreme Court stated, "[t]he Supremacy Clause unambiguously provides

ORDER-- *4*

that if there is any conflict between federal and state law, federal law shall prevail." After acknowledging these principles, the Supreme Court found "Congress had a rational basis for believing that failure to regulate the intrastate manufacture and possession of marijuana would leave a gaping hole in the CSA" and, therefore, concluded the CSA is not an unconstitutional exercise of Congress' Commerce Clause authority, even if it prevented individuals from possessing, obtaining, or manufacturing marijuana for their personal medical use in compliance with state law.

Based on the Supreme Court's reasoning in *Gonzalez*, the Court finds Washington's law allowing the use of marijuana for limited medical purposes is preempted by Congress' authority under the Commerce Clause. Accordingly, Plaintiff does not have a federal right to so use marijuana. As a result, Plaintiff cannot seek his asserted relief under any of the above-cited federal constitutional provisions or statutes. Therefore, the Court **dismisses Plaintiff's federal causes of action.** Given the only remaining claims are state law claims and it is not apparent that diversity jurisdiction exists, the Court **dismisses Plaintiff's state law claims.** Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's Complaint, **(Ct. Recs. 2 & 5),** is **DISMISSED.**

2. Plaintiff's Motion for Temporary Restraining Order, **(Ct. Rec. 3),** and any other pending motions are **DENIED AS MOOT.**

3. The Clerk's Office is to **enter Judgment against Plaintiff.**

///

///

ORDER-- *5*

1   **IT IS SO ORDERED.**   The District Court Executive is directed to

2   enter this Order, enter Judgment, and forward a copy to Plaintiff.

3      **DATED** this___7th___day of June, 2005.

4

5                           S/ Edward F. Shea
                           EDWARD F. SHEA
6                     UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   ORDER-- *6*