UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

JAMES EDWARD BARBER JR.,

              Plaintiff,

        v.

ALBERTO GONZALES, as United
States Attorney General, *et
al.*,

              Defendants.

NO.  CV-05-0173-EFS

**ORDER DENYING PLAINTIFF'S MOTION
FOR RECONSIDERATION AND MOTION FOR
DISTINCTION FROM GONZALES V. RAICH**

    Before the Court is Plaintiff James Edward Barber Jr.'s Motion for
Reconsideration and Motion for Distinction from *Gonzales v. Raich*, (Ct.
Rec. 8).  Previously, the Court entered an Order Dismissing Case, (Ct.
Rec. 6), finding Plaintiff failed to state a federal cause of action in
light of *Gonzales v. Raich*, 125 S. Ct. 2195 (2005).[1]  Plaintiff seeks

---

[1] The Supreme Court in *Gonzalez* held Congress' Commerce Clause
authority includes the power to prohibit the local cultivation and use
of marijuana, even if such cultivation and use was in compliance with
California's Compassionate Use Act of 1996, because the use, growing,
and sale of marijuana is an activity that substantially affects
interstate commerce and Congress preempted the regulation of marijuana
when it enacted the Controlled Substances Act ("CSA").

ORDER-- *1*

relief from the judgment, apparently under Federal Rule of Civil Procedure 60(b)(6), contending his case is distinguishable from *Gonzales* because he is alleging Defendants' actions, while arguably consistent with the provisions of the Controlled Substances Act, are unlawful under the Americans with Disabilities Act.  Plaintiff asserts Congress intended to limit the application of the Controlled Substances Act to non-disabled individuals who engage in unlawful use of drugs and, thus, Congress intended the Americans with Disabilities Act to protect individuals utilizing drugs for medical purposes.  After reviewing Plaintiff's motion, the Americans with Disabilities Act, and the Controlled Substances Act, the Court concludes dismissal was proper and denies Plaintiff's motion.

The Americans with Disabilities Act ("ADA") provides protections for qualified individuals with a disability.  42 U.S.C. § 12101 *et seq.* However, the ADA specifically provides: "the term 'individual with a disability' does not include an individual who is currently engaging in the illegal use of drugs, when the covered entity acts on the basis of such use."  42 U.S.C. § 12210(a). The term "illegal use of drugs" is defined as:

> the use of drugs, the possession or distribution of which is unlawful under the Controlled Substances Act [21 U.S.C.A. § 801 et seq.].  Such term does *not include the use of a drug taken under supervision by a licensed health care professional*, or other uses authorized by the Controlled Substances Act [21 U.S.C.A. § 801 et seq.] or other provisions of Federal law.

42 U.S.C. § 12210(d)(1) (emphasis added).  In turn, "drug" is defined as "a controlled substance, as defined in schedules I through V of section

ORDER-- *2*

202 of the Controlled Substances Act [21 U.S.C.A. § 812]." *Id.* at (d)(2).

At first glance, § 12210(d)(1) appears to support Mr. Barber's position that he had a right under the ADA to possess medical marijuana if prescribed by a Washington physician. However, the structure of the second sentence of § 12210(d)(1) requires  the use of the drug taken under the supervision of a licensed health care professional be consistent with the Controlled Substances Act. The sentence reads "[the term illegal use of drugs] does not include the use of a drug taken under supervision by a licensed health care professional, *or other* *uses* *authorized by the Controlled Substances Act* or other provisions of Federal law." *Id.* at 12210(d)(1) (citations omitted) (emphasis added). Accordingly, the physician-supervised drug use must be an authorized drug use under the Controlled Substances Act or other provisions of Federal law. In other words, it is immaterial whether such drug use is authorized by state law.

The Controlled Substances Act does not allow for medical marijuana use unless under a strictly regulated research program. 21 U.S.C. §§ 822-23, 844(a), & 872; *see Seeley v. Wash.*, 132 Wash. 2d 776, 782-83 (1997) (discussing the federal registration requirements for marijuana). Mr. Barber did not assert he was participating in such a program, but rather merely that he had a prescription, lawful under Washington law, to possess and use marijuana for medical purposes. Section 829 of Title 21 specifies under which circumstances prescriptions may be dispensed for Schedule II-V controlled substances. However, it does not pertain to marijuana, a Schedule I controlled substance.  21 U.S.C. §§

ORDER-- *3*

812(c)(c)(10) & 829.  For these reasons, the Court finds Mr. Barber's use of marijuana was an "illegal use of drugs" as defined by the ADA and, thus, the Defendants did not violate the ADA when they took action against Mr. Barber on the basis of his marijuana use, regardless of whether Washington law allowed such use.  In addition, the purpose of the ADA is not to expand the scope of permissible drug use, but rather to eliminate the discrimination against individuals with disabilities who lawfully utilize prescription medicines in connection with their disability.  42 U.S.C. § 12101(b).  Accordingly, given that Mr. Barber admits he was actively using marijuana when the Defendants took the alleged action against him, a federal claim under the ADA does not exist because the term "individual with a disability" does not include an individual who is currently engaging in the illegal use of drugs, when the covered entity acted on the basis of such use.

     For the reasons given above, **IT IS HEREBY ORDERED:**  Plaintiff's Motion for Reconsideration and Motion for Distinction from *Gonzales v. Raich*, **(Ct. Rec. 8)**, is **DENIED.**

     **IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order and forward a copy to Plaintiff.

     **DATED** this  1st     day of July, 2005.


                              S/ Edward F. Shea
                              EDWARD F. SHEA
                         UNITED STATES DISTRICT JUDGE


Q:\Civil\2005\0173.deny.reconsid.wpd




ORDER-- *4*